is number 214695 James Mathurin v. United States of America. Ms. Budrani, I see that you've reserved three minutes for rebuttal. Is that correct? You may begin. Good morning, Your Honors, and may it please the Court. Anshu Budrani, Assistant Federal Public Defender, on behalf of the Appellant James Mathurin. Mr. Mathurin has argued, and the government agrees, that his Section 924C conviction in Count 29 must be vacated and his case remanded to the District Court for resentencing. The only question in dispute between the government and myself, then, is whether his Count 2 Section 924O conviction must also be vacated. Mr. Mathurin's Section 924C conviction was predicated upon attempted Hobbs Act robbery. Following the Supreme Court's decision in United States v. Taylor, this is no longer a valid predicate, rendering his Count 29 conviction a conviction for a non-offense. Thus, as the government has conceded, that count must be vacated and this case remanded, and I welcome the Court's questions on that count, but will otherwise focus my time on the conviction still in dispute, his Section 924O conviction in Count 2. Mr. Mathurin was found of a number of counts, one being a Section 924O conviction based on multiple predicates, two of which are no longer valid, attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery. The error of including those invalid predicates is not harmless in this case, and the Court should have grave doubt that the jury's verdict as to the 924O count did, in fact, rest on one of the invalid grounds here. His case is distinguishable from this Court's precedent in Granda, which first addressed how to address a multiple predicate jury verdict where some predicates are valid and some are invalid, and so I wanted to go through some of the differences that make his case distinguishable from Granda. His 924O count references the Hobbs robbery statute and the carjacking statutes generally. It does not reference specific counts. It does not alert the jury as to what its options are for consideration to base the 924O conviction. What about, let's assume, let's say that we agreed with you on that, but what about on the procedural question? Why is your client any different than Granda in terms of his ability to show cause and prejudice? So, we agree. Cause and actual innocence, I should say. Right. So, as to cause and actual prejudice, while I believe he can make out the prejudice showing, the cause showing in this circuit with Granda as binding precedent is difficult for him to make out as to a Davis claim, but the actual innocence exception to procedural default sort of rises and falls with the merits of the claim, and so if you did agree that his 924O conviction was, in fact, based on an invalid predicate, I think he would then make the showing that no reasonable juror would have concluded that he conspired to possess the firearm in furtherance of any of the valid predicate offenses. Well, but is that what actual innocence means? Because, I mean, look, we're in the categorical approach because the Supreme Court says we have to be, but I don't think there's any evidence that he didn't actually do these things. Is there? There is evidence that, and the jury did find him guilty of the substantive counts, you know, the two valid remaining substantive counts that ground the 924O conviction. It's just the analysis, I think, as to actual innocence sort of intersects with the harmless error analysis on the merits of the claim, and here I do think there's enough to sort of cast some real doubt about which conviction it actually was that grounded the 924O, and it is more than likely that it was the conspiracy to commit Hobbs Act robbery. That goes back to the grander question about how we look at that rather than whether he's actually innocent of the conduct alleged in the charge, right? Well, so the actual innocence standard that I'm drawing is from Granda, and sort of the way Granda addressed actual innocence was in tandem with the merits of the claim, and so if my memory is correct, the Granda court noted that the two sort of rose and fell together, and so if he were he had a cause problem, he had a prejudice problem, he was a, you know, a stash house robbery case, there was like an inextricably intertwined issue there that he don't believe exists in this case because the counts here are so independent of one another, and there appear to be multiple conspiracies, you know, there's a changing of the co-conspirators, there's multiple weapons being used, there's a longer time frame, there's crimes that the carjackings occur two months after a lot of the robberies, he does those alone, he uses a different weapon for those, there's just a lot more here in this case to sort of separate it from Granda. So walk me through, based on the actual facts of this case, can you explain what it would have, what it would have looked like if your client had engaged in, had engaged in conspiracy to carry a firearm and furtherance of conspiracy to commit Hobbs Act robbery, but not conspiracy to carry a firearm and furtherance of the Hobbs Act robbery itself? So I think it's sort of like a logical mind meld. I think what that would have, so I think it's more of like what we know about the substantive offenses here, more so than like what it would have looked like for him to have only conspired to carry during the conspiracy, but not necessarily during the substantive offenses, and that's because there really was more than one conspiracy here, and so, and he was a participant in a number of the substantive offenses, but wasn't necessarily conspiring with like specific individuals per specific offense. It is like a logical mind game, but I think what it comes back down to is the standard of harmlessness on a claim like this on review in a 2255, and that is if there's a grave doubt about whether the predicate did in fact rest on an invalid ground, the error was not harmless, and the verdict, or at least as to that count, is potentially unconstitutional. I guess it's hard for me personally to have a grave doubt when I can't think of a way that that could have happened, so maybe you can help me think of a way that that could have happened. Okay. Maybe I'm missing something. I mean it is, it definitely takes a lot for the mind to sort of wrap itself around, so I think many of the counts were committed, well, at least the carjackings and one of the robberies was committed just on his own, and so there was no way for him to conspire with any party to commit those offenses, and so I think the carjackings are easily removable from the analysis, so that leaves the substantive Hobbs Act robberies in play, and each substantive Hobbs Act robbery was sort of a discrete day event with a cast of characters that changed in and changed out, you know, there was like people he committed his offenses with before September 10th, and then after September 10th there were new people, sort of was like they did it, they used a firearm, and then that was the end of it, and then there was a new offense that occurred at some other point in time, so I think it is more over this longer period of time, ties more directly to the conspiracy count, you know, where there was this rotating cast of characters and the rotating weapons that were used, and this like general idea of committing a variety of offenses and robberies and carjackings, and so I think that the point I'm trying to make is that the predicate offenses, unlike in Grandot, which is like a very straightforward, we're going to rob for drugs and then steal the drugs type of case in a single incident, they're not inextricably intertwined here, and as a result there's just no, the error here does not seem to be harmless. Can I ask you just sort of maybe a weird procedural question, but so with respect to the issue that is disputed between the parties, the COA issue that's disputed between the parties, that the framing of that COA seems to, I guess it seems to tee up sort of like the prejudice component only of all this cause and prejudice and actual innocent stuff, it just seems odd, I mean like, so to answer the question framed in the COA, it seems like we ought to be talking about prejudice, but there's no like, I think you've acknowledged that it'd be tough for you to show cause, so then you like sort of don't even get through to prejudice, and then this actual innocence thing is something altogether separate, so how does it square up with what the COA asks us to decide? So what I'd first like to note about the COA is that it issued pre-Grandot, and so I think when there was uncertainty in the circuit about what standard applied to multiple predicate claims post-jury verdict, and I think that maybe, because you know the language from the COA sort of reads like a Beeman-esque language about more likely than not, and so I think once the court cleared up what exactly the analysis is on these claims in Grandot, that sort of is the more appropriate way to analyze the 924-0 claim based upon multiple predicates, and then you know also interestingly as to procedural default, the district court didn't actually find this particular claim to be procedurally defaulted, if I'm remembering correctly, his procedural default finding was as to another issue, so I don't actually, I think he went straight to the merits of the claim and didn't necessarily engage in the procedural default discussion for this particular claim, and I think because of the lack of guidance from the circuit at the time that he issued the COA, it sort of helps to explain why the COA reads a little awkwardly or like a little strangely. Maybe this is a dumb question, but so the cases that we have that say that our review is limited to the questions specified in the COA, it would make sense, I guess, but do those cases just sort of go by the by when there are subsequent developments that inform sort of the way that the case really ought to be litigated? Do we just sort of, can we kind of fudge what the COA tees up for us? I don't know that you would need to do a lot of fudging with this one. The COA does ask whether he's entitled to relief on his Davis challenge to his 924-0 conviction in count two, and so I think given the current law of the court to address that question that was raised in the COA. So like the last clause sort of preserves for us the ability to decide these other questions. Yes. There are no further questions. Thank you. Mr. Banker. Good morning, Your Honor. Josh Banker for the United States, and may it please the court. Your Honor, the government maintains that Mr. Matherne's claim on count two is not jurisdictional and that he has procedurally defaulted that claim, as the court has alluded to through questions to my opposing counsel. But at bottom, I just want to remind the court that it should not have grave doubt about the verdict under the Brecht harmless error analysis, even if this court, this case is not squarely on all fours with Granda. The jury convicted Mr. Matherne of 11 valid predicates, each of which was, to varying degrees, tied to the conspiracy to possess a firearm. Further, any lingering doubt that this court may have should be alleviated by the jury instructions in the indictment, which does not directly ask the jury to consider an invalid predicate. Your Honor, I would venture from your questions to my opposing counsel that you squarely understand the inextricably intertwined argument that we've advanced in the papers, as well as most of our procedural default argument. And so unless the court has specific questions for me about whether it's Judge Newsom's questions about the procedural posture of this case or something that I can help highlight in the record to really draw that inextricable intertwinement and put a nice bow on it, I would rest on the papers, Your Honor. What's your response to the argument about the carjackings having been committed by him alone and in a different time period? Certainly, Your Honor. I think there's two answers to that. The first is that the carjacking, a violation of the carjacking statute, was specifically mentioned in the indictment. And on that count, too, on the 924-0 charge, that conspiracy was alleged to have proceeded from, if memory serves, July 26, 2007, when the home invasion occurred, through December 12, 2007, when that final carjacking occurred and Mr. Mathurin was arrested. So just on the papers, there's a connection, and we know that the jury considered that carjacking with the conspiracy itself. I would also, however, point to the evidence in the record that then ties these to the overarching conspiracy. When Mr. Mathurin was actually arrested following that second carjacking, Mr. Markson St. Fleur was also arrested in that process. And Mr. Markson St. Fleur had been involved in this conspiracy, I won't quite say from the very beginning, but for quite a while. He benefited from the conspiracy during the September 10th robberies, when Mr. Mathurin borrowed a firearm or actually rented a firearm from Andron Bolden, who himself borrowed the firearm from another individual to whom he had sold it, and Markson St. Fleur had also sold a firearm to, and let me make sure I have this correct for your honor, I believe it was one of the Bolden brothers, it was in fact Brandon Bolden. It was a .40 caliber weapon with a laser sight, and when I say that weapon was purchased from Markson St. Fleur, I mean it was purchased partially with a laptop that was stolen during the home invasion robbery. So when we talk about the overall knot of this 924-0 conspiracy and its beginnings, from the very beginning of the record in this case through to the end, Markson St. Fleur, as somebody who was around these carjackings, was somebody who was tied in from early on with this group and committing these armed robberies, and working together to conspire to possess a pool of firearms to be used during those substantive robberies and throughout the duration of the conspiracy. Does that answer your honor's question? I find it interesting that count one identifies the predicates, but the other count does not. Is there a reason for that? Your honor, I can't think of a reason for that, but I do think it supports the idea that any Stromberg error that might have come up on this record is minimal, because unlike, and my opposing counsel pointed out that this record is a bit different from Grandin, that it doesn't note the specific predicates and counts within the indictment, but that also tells us that because juries are presumed to follow the instructions that they're given, and the jury instructions referred back to the conspiracy as charged in the indictment, that the jury only considered a violation of the Hobbs Act robbery statute and a violation of the carjacking statute. They probably did not consider an attempt or a conspiracy, and in fact they did receive an additional instruction on attempted Hobbs Act robbery, and within that jury instruction there's very specific language that talks about an attempted violation of that statute. And so to the extent that there might have been a Stromberg error where there was an invalid predicate considered by the jury, that consideration is probably pretty minimal even just on the papers that the jury would have been working with. Anything further, Your Honor? Thank you very much, Your Honor. With that, I would rest on the papers. Just have maybe two very quick points to make in rebuttal. As for the carjackings and the facts that undergird the carjackings, I think the government and I disagree over where we should look to for those facts. The opinion of this court on direct appeal sets out the facts of the offenses, and in that opinion it's where it notes that he committed the carjackings two months after almost all of the robberies, on his own, with his own firearm. There is no link between him and Marks and St. Floyd, at least noted in the opinion, where the record was fully before the court at that time as well. And as to the instructions in this case, Judge Pryor, you asked a question about the conspiracy to commit Hobbs Act robbery instruction as well as the 924-0 instruction. And another thing I'll note about the instructions here that sort of distinguished them from the instructions in Grandin, almost every other 924 instruction that I've seen, is that there was no unanimity requirement as to predicate in the instructions. And so usually there's an instruction that says, like, you need to be unanimous as to which predicate you base your conviction on, and that instruction is missing from the 924-0 count in this case. And it's just another quirk of the instructions in this case, of the indictment in this case, of the jury verdict, and how it was structured in this case, and of the facts of the case that really separate it from Grandin and the analysis in Grandin. And so with that, we'd ask that you reverse both the 924-0 and the 924-C conviction in count 29 and remand for resentencing before the district court. Thank you.